This court is in agreement with the Court of Appeals in finding, under the evidence, that Henderson was not employed by Gemco to invent, and that he is the owner of the inventions of both the mounter and demounter, subject to any assignment or assignments thereof which Henderson may have theretofore made. In fact, counsel for Gemco now apparently concede that such finding is warranted by the evidence.
However, Henderson maintains that the Court of Appeals erred in that part of its decree, which gave Gemco a nonexclusive shop right to use, manufacture and sell both inventions. Henderson claims that Gemco is entitled only to a permissive shop right to use the mounter in its business but has no right to manufacture for sale or to sell the same and has no shop right whatsoever in the demounter.
Where an employee, even though not hired to invent, develops an invention in his employer's shop at the expense of his employer, equity will intervene to protect the employer against later exclusive adverse claims of the employee-inventor by giving the employer a shop right in the invention thereby enabling the employer to make, use and sell the device invented by the employee. Flannery Bolt Co. v. Flannery, 86 F.2d 43;Fuller Johnson Mfg. Co. v. Bartlett, 68 Wis. 73,31 N.W. 747, 60 Am. Rep., 838; Barlow Seelig Mfg. Co. v.Patch, 232 Wis. 220, 286 N.W. 577. See United States v.Dubilier Condenser Corp., 289 U.S. 178, 77 L.Ed., 1114,53 S.Ct., 554, 85 A. L. R., 1488; McClurg v. Kingsland,42 U.S. 202, 11 L. Ed., 102; Solomons v. United States,137 U.S. 342, 34 L.Ed., 667, 11 S.Ct., 88; Lane Bodley Co. v.Locke, 150 U.S. 193, 37 L.Ed., 1049, 14 S.Ct., 78; Gill v.United States, 160 U.S. 426, 429, 40 L.Ed., 480,16 S.Ct., 322; Pressed Steel Car Co. v. Hansen, 137 F., 403, 415, 416. *Page 101 
This court will not weigh the evidence and is limited in the consideration of this case to the facts upon which the Court of Appeals based its conclusions, unless such conclusions are not supported by substantial evidence. The Court of Appeals in reaching its conclusions was limited to the evidence most favorable to Gemco. As to the mounter, the evidence shows that Henderson developed the mounter while he was employed by Gemco and on its time and at its expense. The evidence further shows that Henderson made no claim of the ownership to the tire mounter until after it had been fully perfected. About January 1946, he indicated for the first time that he expected a commission on the tire mounters sold by Gemco, from which fact the inference may be drawn that he understood that Gemco had in contemplation the sale as well as the use of the tire mounter. From this evidence concerning the conduct of the parties, the Court of Appeals could have found as it did find that Gemco had a nonexclusive shop right to use, manufacture and sell the tire mounter.
On the other hand, the courts hold that an employee, not under contract with his employer to invent, may protect himself against the establishment or accrual of a shop right in his employer in any invention or device perfected by such employee on his own time and at his own expense, though during the period of employment, by words, acts or conduct which clearly negate the establishment or accrual of such shop right.Pressed Steel Car Co. v. Hansen, supra; White Heat Products Co.
v. Thomas, 266 Pa. 551, 109 A. 685.
In the case of United States v. Dubilier Condenser Corp., above cited, the court in the course of its opinion said:
"* * * where a servant, during his hours of employment, working with his master's materials and appliances, *Page 102 
conceives and perfects an invention for which he obtains a patent, he must accord his master a non-exclusive right to practice the invention. * * * This is an application of equitable principles. Since the servant uses his master's time, facilities and materials to attain a concrete result, the latter is in equity entitled to use that which embodies his own property and to duplicate it as often as he may find occasion to employ similar appliances in his business. But the employer in such a case has no equity to demand a conveyance of the invention, which is the original conception of the employee alone, in which the employer had no part. This remains the property of him who conceived it, together with the right conferred by the patent, to exclude all others than the employer from the accruing benefits. * * *" (Italics supplied.)
It will be noted that the court, in the case just quoted from, in describing the peculiar relationship of the employee-inventor and his employer under such circumstances, did not use the broad phrase, "term of employment," so frequently used by the courts and construed by them to comprehend 24 hours a day during the entire employment, but on the contrary and in contrast the court studiously avoided the use of that term and used the more limited term, "during his hours of employment," to express the period of time for which the employee must account to his employer for his inventive activity. The clear inference must be drawn from the careful statement of the court that the employee may exercise his creative genius on his own account during his nonemployment hours.
In the opinion of this court there is no substantial evidence warranting the finding of the Court of Appeals in giving Gemco a nonexclusive shop right in the demounter to make, use and sell the same. Although the evidence shows that some suggestions were *Page 103 
made to Henderson to perfect a demounter, he did all the workon the demounter at his home and not on the time of hisemployer. He refused to give Gemco a bill of materials for the construction of a demounter and refused, upon request, to take a model to the Gemco shop. Furthermore, throughout the negotiations with Gemco concerning the use of the demounter, he insisted that he was the owner of the invention and should have a monetary consideration for its use. The only connection Gemco had with the demounter was a showing of the demounter by Henderson to some of the Gemco officials when they were visiting at his home. In the opinion of this court Gemco acquired no shop rights in the demounter.
The decree of the Court of Appeals so far as it applies to the tire mounter is affirmed but its decree so far as it applies to the tire demounter is set aside and this court, in the latter respect, enters the decree which the Court of Appeals should have entered, to the effect that Henderson is the sole owner of the patent or device designated as a tire demounter and that Gemco has no shop right of any kind whatsoever in the same.
The decree of the Court of Appeals is modified and as modified affirmed.
Decree modified and affirmed.
WEYGANDT, C.J., MATTHIAS, ZIMMERMAN and STEWART, JJ., concur.
TAFT, J., concurs in paragraph one of the syllabus but dissents from paragraph two of the syllabus and that portion of the judgment modifying the decree of the Court of Appeals.